Final argument this afternoon is in Appeal 06-3281 Tomaya v. Merit System Protection Board. Mr. Tagupo, good afternoon. Welcome to you. Please proceed. Thank you. Let me just say that I argued a case before this court about 10 years ago that's very similar to this one. And I will repeat what I said at the opening. It is indeed ironic that I should come this far to argue that we're in the wrong court. This court has no jurisdiction over this case. Well, if it's so similar, did we write an opinion that we could use as precedent here? Actually, I'd like to follow up on the Honor's question. No. The Second and the Tenth Circuit wrote that opinion. And what we have here is a beltway, two beltway courts against the out-of-beltway courts that disagree. And we have a split in the circuits 2-2. Well, wait a second. I thought the extent of our jurisdiction to decide a mixed case is limited to where the board dismissed for lack of jurisdiction. Correct. If it's the merits that are to be adjudicated, then we don't have jurisdiction. That was the finding in Ballantyne, I believe, that it went over that ground. How is there a conflict? The other circuits simply say that the cases belong in the district court and on appeal to the merits of discrimination. I don't see that there's any conflict with our cases. That would be true, but that proposition is no longer good law. And the reason why it's no longer good law is because Ballantyne and its allies assumed that untimeliness in firing before either the EEOC or the MSPB, in this case the MSPB, was jurisdictional. It's like filing an appeal. Filing an appeal within the rules and statutory period of time is jurisdictional. You miss it by one day, unless it was like the San Francisco earthquake with the Ninth Circuit shut down and issued an order saying we're taking appeals after the 38th period because of the earthquake. Then the case dies. Is the only reason you don't want to be here because you think we might affirm the board's timeliness decision? No, because I think there's good argument saying that that was error on the part of the board. Why? Well, so if we decide that it's error on the part of the board, why shouldn't we correct the board because it's made a mistake about its jurisdiction? The reason is from a practitioner's point of view, Your Honor, and that is I'd like to have this case heard all of it in the District of Hawaii. Well then why didn't you file in the District of Hawaii to begin with? That's exactly what MSPB argued. Why did I file it here and not file it in the District of Hawaii? Well, first reason, because MSPB said you got to file it here. It says so in its notice. It says if you wish to appeal from the board decision, rather than seeking a board decision, if you wanted to litigate a discrimination case in the district court, why couldn't you have done so a year or two ago by simply filing in Hawaii? Why did you have to go to the board in the first place? After the agency decision. You did go to the district court and now you don't want to be there, right? The whole point of being here, of this appeal, is that you want the MSPB to assert jurisdiction over some of your issues and get out of the district court, right? For the time being. Let me add this. This is really important. The Ninth Circuit has recognized, and the district court, following the Ninth Circuit, saying that the petitioner's FMLA case cannot go through the district court process because there is no private right of action, like under Title VII. But you can't bifurcate those two. I mean, so what you're proposing here, I mean, your best case scenario, if you prevail here or in some regional circuit, what are you seeking to do? You're seeking to move out, take your case out of the district court, move it into the MSPB, and add the family medical leave case? Yes. Your Honor is half right on the procedure. Actually, what we wanted to do is that we already filed under Title VII within the statutory period of time in the district court in Hawaii. And it's still pending? It's still pending, and the district court is purposely sitting on that case until this is finished. So your only complaint about that is that suit is not broad enough in scope to encompass the Family Leave Act claim, which you'd also like to add in? Correct. So you'd prefer to add that in and have all the other claims remain and put it in front of the board? Well, with the exception of the Title VII, the board cannot hear the Title VII case. That has already been done by EEOC, and that's... But the case that we're talking about here that you want... If you win, if you were to prevail, if we or some other regional circuit said, yes, the board was wrong on the timeliness, you weren't advised properly, therefore you have to be able to have come to the board in a timely fashion, they have to accept your appeal. Do you agree that you've got to move your district court case out to the board? I mean, that's part and parcel of the case you want the board to hear now, right? Well, not quite, Your Honor. We just want the board to hear the FMLA case. But can you do... What authority do you have for bifurcating a case? Your issue here, the merits of your issue, which I understand is that you weren't properly advised, that you had this opportunity at this point in time to go to the MSPB. The relief for that would be a do-over. In other words, you could have moved that case to the MSPB if you were properly advised, and therefore you now can do it. What's the authority for letting you move on parallel tracks? There is no real authority. It's the circumstances in how Congress drafted the statute of both the Merit Systems Protection Board, Title VII of the Civil Rights Act, and the Family and Medical Leave Act. They didn't get it right because there's a very... It's a very, very... It's like a three-dimensional chess. No, I appreciate that. What's your Family and Medical Leave Act claim? The claim was that the agency did not properly advise the petitioner of her FMLA leave rights as required by the statute itself. And is that tied to the removal, then? Yes, it is, because the relief under the FMLA is reinstated. Is the FMLA covered by 702... 7702? Indirectly, Your Honor. It says that any adverse action contrary to law. So it's under the contrary to law. And FMLA is the law that she is entitled to invoke. And that MSPB, as I said somewhat in my brief, MSPB has taken FMLA cases at the same time EEOC says no, because that's not discrimination. So you can appeal under the Family and Medical... I'm sorry. You can appeal... You allege the agency improperly denied you leave under the Family and Medical Leave Act. That's appealable to the MSPB? Yes, it is. If there's an underlying adverse action, here there is, there was a removal. And there is no dispute there is a removal. So in your MSPB case, the one that's here on appeal, you have both an attack on the removal, for which there's direct jurisdiction, and you have included a Family Leave Act claim as well, for which there's a pendant jurisdiction, in effect, even if they don't call it. Therefore, the two things you want to do in front of the MSPB are in the case. And accordingly, I don't understand why you aren't begging to be sent back to the MSPB on the merits. Instead, you're telling us we don't have jurisdiction and we should send it to the district court, which you've told us can't deal with the Family Medical Leave Act claim, which you want dealt with. Maybe the merits, the word merits should be redefined. First of all, the Rehab Act, which is part of this case, was already decided on the merits by EEOC. So that's it. The FMLA claim could not be heard by EEOC because EEOC has no jurisdiction over FMLA. Nor does the district court. But the board does if there's an adverse action, which there is here. Let me amend what I just said, Your Honor, because that's important. The district court and the Ninth Circuit do have jurisdiction, but only in an appellate jurisdiction. It does not have the fact-finding and trial basis under FMLA. That's an MSPB function. So why don't you want to go back to the MSPB on the merits, where they will entertain your Family Medical Leave Act claim and your attack on removal? Because that issue should be resolved in Hawaii and not here. Why? Because that's where you are. Exactly, Your Honor. I mean, if you're a federal employee in the Beltway, you're in heaven. This is paradise. If you're a federal employee in Okinawa or Japan, you're in outer space. Your case wasn't litigated in Washington. Your case was litigated on the West Coast. So the idea that this has to do with the Washington Beltway is just nonsense. It may be that the closest regional office of the Merit System Protection Board to Hawaii is in Seattle or Los Angeles. That may be true. It may be true that you have to travel across a lot of the Pacific Ocean to litigate the case live. But it's not fair to say that you're being forced to come to Washington against your will. That's just not true. I'll concede that maybe I was a little overzealous in that regard. But please be aware of the details of the bureaucratic process. And that is that MSPB and EEOC are not making many field trips to Hawaii as they used to for budgetary reasons. We can't change that. Congress set up the system the way they set it up. It may be that it's inconvenient for people who live in Hawaii or lawyers who are based in Hawaii. But what can we do about that? It's not within our powers to modify that. I can see that. So leaving aside the jurisdictional issue, let's assume hypothetically we have jurisdiction. What are you seeking? And you're saying that you want your case to be heard by the MSPB. Correct. And my only question is, do you agree that there's no basis upon which your district court case would remain pending that all of the allegations you've raised in the district court are part and parcel of the same case that you want to move over to the MSPB? You just want to add the Family and Medical Leave Act aspects of that, correct? Correct. Okay. You don't have to add it. It's already in there. It was checked in the box, filled in on the blanks in the form that initiated the MSPB case preceding this before us. Family and Medical Leave Act is already in the MSPB case. Yes, it is. But again, MSPB ruled on the timing of this issue and therefore we were out. Yeah, but we may send it back. That would be nice. Let's hear from the government. Thank you, sir. Good afternoon, Your Honors. Good afternoon. May it please the Court. So tell me why the timeliness ruling is a shred of support. It strikes me as completely wrong. Now, maybe I'm wrong about that, but I've read the regulation. I don't get it. What's the basis for it? Well, the petitioner filed her appeal with the Merit Systems Protection Board, and then at her specific request… We know all that. And Judge Stacy, in dismissing, specified 30 days from a final agency decision, and she took more than 30 days. But the point isn't whether she was late. We all agree she was late. We can quibble about whether it's 20 months or 70 days. Who cares? She's beyond the 30 days that apparently is the time limit, and well beyond the 30 days. The whole issue is the excuse. She got two extremely misleading letters, I would say, and so I'm in the same boat with Judge Dyke trying to figure out how there's any other answer here than, in effect, the correct advice of Judge Stacy was superseded twice by incorrect advice in equally official-looking letters from the government, which Ms. Toyama was entitled to rely on, I would think. Well, she filed her appeal with the MSPB, got a decision from the MSPB administrative judge saying what his instructions were to… So what? He can't supersede the statute, can he? The regulation? Well, he can set the procedures or the process for her to refile her appeal. Well, how can he do that? The regulation says she's supposed to get notice. How can he dispense with the notice that's required by the regulation? When he initiated his initial decision on August 29… What's the answer to my question? How can he dispense with the requirements of the regulation? I don't think he did dispense with the requirements of the regulation. Well, isn't the regulation directly and clearly in point and says that you're supposed to be given notice that you can go to the MSPB and it didn't? That was the final agency decision, and because the agency issue, the Department of Health and Human Services, issued its final agency decision after an EEOC administrative judge issued a decision in the EEO case, the correct appeal rights under the EEOC's regulations were in fact the Office of Federal Relations. I don't understand that. I'm sorry, go ahead. The regulation couldn't be clearer in my view. It says at the time the agency issued its final decision on a mixed case, the agency, not the MSPBAJ, the agency shall advise the complainant of the right to appeal to the MSPB, not the EEOC. I mean, are you taking issue with that? Sure. He's saying 302 doesn't apply at all. He's saying only 110 applies. I don't understand how you say that. Because there was a decision by an EEOC administrative judge. That was the route that the petitioner chose. Yeah, but it's a mixed case, and 302 says in mixed cases a different procedure applies. Well, even if that is true, Your Honor, and I can attest that it may not be, first off, the MSPB, the petitioner chose to file with the MSPB and then went through that process and received very clear instructions from the MSPB administrative judge. You said it four times, and we all agree the instructions of Judge Stacey said what they said. But the regulation, assuming it's applicable, requires a notice that Toyama clearly didn't get, and therefore there's a violation of the regulation. And we have case law over and over holding that where required notice was not given, that's an automatic excuse for late filing. So the conclusion seems inevitable that she did establish a good excuse, namely the failure to receive the notice of MSPB 30-day appeal rights required by regulation 302. Where's the gap in the thinking here? Well, again, Your Honor, I'm not sure that's the correct regulation, but again, she was also… Do you agree it's a mixed case?  Okay. Now, does 302D3 not say where it's a mixed case, the appeal rights go to MSPB, and it even says in parentheses, not EEOC, in 30 days. And such a notice as is explicitly required by 302 was not given to this petitioner. Right or wrong? You're correct with the regulation, and in fact that is correct. Well, then how can we avoid the conclusion that there was a failure of a mandatory notice and our case law saying failure of mandated notice equals good excuse? How can we get around that? Well, the petitioner was already before the Merit Systems Protection Board. I know that. I think that is an important distinction. So you're saying if at some earlier point in time the MSPB, an AJ, someone at the MSPB advises someone of their rights, that alleviates the agency from having to comply with the regulation. Under the facts of this case, where she files with the MSPB, and then asks for it to be dismissed without prejudice, and is told exactly what she has to do, and then when she gets that final agency decision, she chooses to ignore the administrative judge's clear instructions on how to resurrect her MSPB appeal, but instead she… In writing, signed by a government official. Having received… A lay person. Who was represented by counsel at the time, Your Honor. Look, I'm a lawyer. I would have been confused. Stacey says X, Y, and Z back at the beginning, and now I get a letter saying file somewhere else, and I follow that letter. But that letter was saying, how do you appeal this final agency decision? The administrative judge had already said, when you get the final agency decision, you need to come back to me. So this is the complete argument that you have, is that because the judge originally said 30 days, there was no requirement to give the notice required otherwise by the regulation. Is that it? Well, also, Your Honor, I believe… That's part of your argument, right? Yes, that's correct. All right. Is there another argument? Well, also, because this decision was issued by an EEOC administrative judge, the agency followed the process that one is to use where an EEOC administrative judge issues a decision. Now, we can go beyond that. I have no idea what that means. Is this a mixed case or not a mixed case? This was a mixed case, but it has… And so the agency here doesn't have to follow this regulation? Well, this is an odd situation because there was an EEOC administrative judge's decision, which is not normally the case. But it's still the decision of the agency ultimately. And even though it goes to an EEOC administrative judge, it's still the decision of the agency, of the employing agency, right? Well, the agency issues a final agency decision, correct? And the regulation says it's supposed to give notice of your appeal rights to the MSPB, and it didn't. In other words, here's a way to look at it. The regulation 302 puts a burden on the employing agency. That burden can't be carried because somebody else, even an MSPB judge, at some earlier date, gave some advice about filing. Because the regulation is drawn to what the agency must do after its final ruling. And that can't be fulfilled by something said earlier by somebody else in some other agency. But the MSPB decision can control the process and the proceedings before the MSPB. No, it can't. The regulation does. Well, I think when the MSPB… The judge Stacy had no power to say 302 is hereby suspended, no burden on the employing agency to say anything, because I am telling Ms. Toyama right now what her rights are. He has no power to overrule the regulation. The board can change its regulation, but an individual administrative judge can't hold inapplicable a regulation that by its terms applies. Well, in fact, there's an EEOC regulation, so the board could not change that regulation. But if we go beyond that point… Well, I mean, well, it could change it informally, I guess. I mean, we can't tell the EEOC in this case what to do and what not to do, or the agency for that matter. But I presume that if the MSPB says the time limits are waived because of the failure of the agency to comply, that will ensure compliance in the future. I think the other point here is that even after she goes to the EEOC's Office of Federal Operations and she receives that decision, and she received that on October 13th, she still fails to come back to the MSPB for over 10 weeks. I mean, she files this MSPB appeal and then seems to lose interest or what have you and doesn't diligently… I don't think counsel for the government ought to be imputing motives to other people that are not established in the record. We don't know that she lost interest in her case. We don't know that she had heightened interest in her case. We don't know anything about her interest in the case, and it really ill behooves the government to be making assumptions about other people's motivations. I'm sorry, Your Honor. What we do know, what is fact, is that she receives the OFO decision on October 13th, 2005. She was 40 days late. On the timing, you're absolutely right. She was 20 months late from the one ruling. She was 40 days late from the other ruling. Not disputed. The whole issue is whether she had an adequate excuse or, to put it more precisely, whether the board abused its discretion in holding that she didn't have an adequate excuse. And our case law seems to say it's a per se adequate excuse if the notice required by the regulation was not given by the agency burdened to give the notice. Right, but again, Your Honor, I think we have to look at the MSPB has a case before it, and it is setting forth the process and procedure for processing that case. And the board has the discretion to do that. Here, the administrative judge said, what do you have to do to refile with the MSPB? Let me ask you a question. Suppose we reject that. We find that the government's position here is not substantially justified. Do we have authority under the Equal Access to Justice Act to award attorney's fees against the MSPB? I haven't been considered that point, Your Honor, so I haven't been able to give you a responsible answer. What the court would have to do is to, if the court rejected the MSPB's time-use determination, the court would have to remand it back to the MSPB, and there would be an MSPB case looking at the substance of the merits of this case. What the court clearly cannot do is transfer this matter to the district court for Hawaii because the transfer statute requires a lack of jurisdiction, and this court is held in Wallace and Hamilton that indeed does have jurisdiction over this type of case. Now, counsel, I thought the thrust of your brief was that Ms. Toyama didn't need any notice from the agency or the EEOC because she already had actual notice from Stacy's order and opinion. I thought that was the theory of your case as set forth in your brief. That's correct. But now you seem to be saying that Stacy had the power to change the regulations to make them of no effect, to relieve the agency and the EEOC of their burden to issue proper appeal advice. That's quite a different theory. Now, I'm getting very confused about which horse you're riding here. Our position is that the MSPB administrative judge, in processing a case before him, set forth the deadline for refiling the appeal. It was very clear what he said, 30 days after the final agency decision. Well, do you at least acknowledge that someone may have had – there may have been some ambiguity when the MSPB judge months earlier says this, and then the person who's under the system – she's correct, she's under the system – and she gets a notice saying, you go here, doesn't mention the MSPB. Do you at minimum acknowledge that at a minimum there would have been some question that arose in her mind as to what was the right procedure to follow? There may have been some question, Your Honor. She could have asked her attorney. She could have contacted the MSPB and said, you told me to come back within 30 days of the final agency decision. I've received that final agency decision, but it doesn't say anything about coming back. Or she could have called to the agency. There are several parties involved. So if she had called the agency again and said, well, you gave me this notice, but the MSPB told me to come to them, what do you think the agency's answer would have been? I realize I'm asking you to speculate. They would have said the notice means what it says, right? And you better follow it. I think it would depend if they contacted the agency attorney who was part of the telephone conference where the dismissal without prejudice was discussed. That representative might have said, no, the administrative judge was clear. You come back to the MSPB 30 days after you said that sentence. So let me give you a hypothetical. Hypothetically, let's assume she went back to the agency. She says, I'm confused by your notice because at some point in time the MSPB told me to come back to them. And let's assume they say, you're supposed to follow our notice. That's why we gave it to you. Would then the MSPB be willing to waive the time limit? Well, again, Your Honor, there is that initial decision that was very, very clear. If she had questions, she needed to contact the MSPB administrative judge. She initiated the proceeding before the MSPB. The MSPB doesn't operate in a vacuum. I mean these are mixed cases. They're going back and forth from agency to agency. So maybe in the MSPB's view, what its folks say is all that matters and everybody ought to be treating it like that. I think you have to recognize that in a mixed case situation, this person is, you know, every agency is kind of equal. They're all players in this and that the MSPB doesn't necessarily trump this, particularly when we're talking about a regulatory requirement that needs to be performed. All right. I think the MSPB's decisions and process control the proceedings before the MSPB. I think that's the point here. Suppose Judge Stacy's appeal advice had stated when you get the final agency decision on these complaints, you must refile here at the MSPB within two days. Would that control? Well, there would certainly be a question whether it's reasonable to dictate two days as a time. Well, how about five days? The decision of the MSPB would control the refiling. Now, you know, if you give somebody five days, there's a question whether it's reasonable. Well, how about ten days? Again, Your Honor, the decision of the MSPB is what controls the MSPB's proceedings and process. On refiling, the MSPB judge can stipulate any condition he wants, make it a precondition of refiling? A reasonable condition such as 30 days from when you get the final agency decision that you are requesting this be dismissed without prejudice so that you can pursue. Why are you so upset about their having started this proceeding and then voluntarily abandoning it? Usually tribunals are thrilled when somebody withdraws a case. You're acting like it's a terrible offense against the MSPB that they filed the case and then didn't go through with it. It is not an offense at all, Your Honor. The petitioner had that right and chose to exercise it so that she could continue to pursue her case. But you seem to be suggesting that punitive conditions can be attached to refiling. And that's why I'm wondering whether you're upset that they filed and then aborted the case. No, it's not punitive at all to set reasonable restrictions and limitations on when you refile your case. It's within the board's discretion. It's necessary for an efficient adjudication to have some restrictions on when individuals refile their appeals. Well, could Judge Stacey upset a year? It would have been within his discretion to do so, Your Honor. Show us where he has authority to set filing deadlines. Well, the MSPB has the authority to set… No, no. Show us where this judge, Stacey, an individual administrative judge, has regulatory or statutory authority to dictate filing deadlines. Well, the administrative judge has broad… You can't just keep saying he has it. I'm saying show me where it's conveyed to him. Show me its source. Show me some text in a regulation that says AJs have this power. I believe the board's regulation, I think it's 1201.41, gives the administrative judge broad discretion to control the proceedings beforehand. That's not the question. The question is setting deadlines for filing viable MSPB appeals. Well, I think controlling the proceedings beforehand includes dismissing a case without prejudice, setting reasonable conditions for it to be refiled. I have one other point, Your Honor. I just want to note that contrary to the petitioner's argument… But her right to file doesn't depend on the fact that she filed earlier. It may be that if her right to refile depended on the fact that she filed there in the first place and that he set conditions for that, that she'd have to comply with those conditions to refile. But here, her right to file before the MSPB has nothing to do with the fact that she filed there originally, right? Well, you're assuming, Your Honor, that this is governed by the mixed case regulation and not the regulation that applies when an APOC… You haven't made any effort to show the contrary. If it's governed by the mixed case regulation, that's where her appeal rights come from, not from the fact that she filed originally with the MSPB, right? Well, her rights to file the initial appeal came from the agency decision removing her… No, you're not answering my question. When she refiles, her right is pursuant to the regulation. It's not dependent in any way, shape, or form on the fact that she originally filed with the MSPB, correct? I don't think that's true, Your Honor. Why not? Having filed the appeal initially with the MSPB and receiving those instructions on how to refile her case, that is what controls her… No, no, but that's not my question. My question is, her right to appeal doesn't depend on the fact that she appealed once before, right? It depends on the regulation, the mixed case regulation. Assuming that's the correct regulation. Yeah, it depends on the regulation. She's not piggybacking on her original filing. Well, that's in fact what she's trying to do. She's refiling her previous appeal. That's what she stated she was doing, refiling her previous MSPB appeal. I just wanted to make one additional point, Your Honor. The petitioner notes that or argues that there's a tremendous burden because an individual would have to travel all the way to Washington to have a hearing. And the court correctly noted that the MSPB has a regional office in San Francisco and that the administrative judges usually travel to the location where the petitioner or the majority of the witnesses are. So this case would, in fact, have been heard in Hawaii. So, Your Honor, I believe that the decision of the MSPB dismissing this case as on time to file should be affirmed. Thank you. Mr. Taguppa, two minutes of rebuttal are available to you if you would like them. Your Honor, I'll wait the two minutes. I think you've had a good and lively discussion. We thank both counsel. We'll take the appeal under advisement. All rise. The court is adjourned for the day today.